### No. 12,078.

### THE STATE EX REL. E. B. DuBUISSON, DISTRICT ATTORNEY, VS. W. C. PERRAULT, JUDGE OF THE ELEVENTH JUDICIAL DISTRICT, PARISH OF ST. LANDRY.

The writs of *certiorari* and prohibition to correct the error of an order of the District Judge will not issue when, since the application to this court, the order has become inoperative.

APPLICATION for Writs of *Certiorari* and Prohibition.

---

Relator *in propria persona*.

---

*Henry L. Garland, Jr.*, for Respondent.

---

Submitted on briefs February 24, 1896.
Opinion handed down February 26, 1896.
Rehearing refused March 9, 1896.

The opinion of the court was delivered by

MILLER, J. The relator, the District Attorney of the Eleventh Judicial District Court, by his petition seeks to obtain the review by this court of the order of the District Judge to the sheriff, directing the release of a party indicted, arrested and imprisoned, though the party thus directed to be released had furnished no bail.

The District Judge, in his return, admits that he gave such order, giving as his reason that the party indicted was the Registrar of Voters for the Parish of St. Landry, whose presence at his office to discharge his public duties was necessary; that arrested for a bailable offence, he refused to be bailed and to remain incarcerated, thus preventing the registering of the voters in attendance for the purpose at his office, and that under these circumstances the respondent deemed it his duty to direct the sheriff to release the accused from custody.

We are relieved from the necessity of any discussion in reference to the power asserted by the District Judge of directing the release, without bail, of a party indicted and in custody. We can appreciate the grave consequences of a public official charged with the important duty of registering the voters, choosing to remain in prison to the prejudice of the public interests, instead of availing of bail, tendered for him, as we are informed by the return. But we do not think, the corrective of such an evil is to be supplied by the judge issuing an order for the release of the accused without bail, exacted by the laws as the prerequisite of such release. We think the basis for the application, when it was made, existed. But we are informed that subsequent to the application bail was furnished, and thus the order complained of by the relator is divested of importance.

It is therefore ordered that the writs be denied, the costs to be paid by the respondent.

### ON APPLICATION FOR A REHEARING.

The decree herein is amended so as to relieve respondent of the costs.